IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ROGER TANNER                          )
                                      )
v.                                    ) NO. 3-13-0042
                                      ) JUDGE CAMPBELL
DONALD OGDEN and                      )
WILLIAM MURRAY                        )


MEMORANDUM


Pending before the Court is Defendant William Murray's Motion for Summary Judgment

(Docket No. 34). For the reasons stated herein, Defendant Murray's Motion is DENIED.

FACTS

This action arises from a motor vehicle collision which occurred on January 21, 2012. At that

time, Plaintiff was a passenger in a vehicle operated by Defendant Murray on I-40 in Dickson

County, Tennessee. Plaintiff alleges that after noticing a disabled vehicle on the right side of the

roadway, Defendant Murray merged into the far left lane of travel where, suddenly and without

warning, Defendant Ogden rammed his vehicle into the rear of Defendant Murray's vehicle.

Plaintiff's Complaint alleges negligence on the part of both Defendant Ogden and Defendant

Murray. Defendant Ogden has been dismissed from this action. Plaintiff alleges that he suffered

painful personal bodily injuries as a result of Defendants' negligence.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary

judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## NEGLIGENCE

Under Tennessee law, a plaintiff must establish five elements to prevail on a negligence claim: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal causation. *Arvest Bank v. Byrd*, 814 F.Supp.2d 775, 796 (W.D. Tenn. 2011).

Whether a defendant owed a plaintiff of duty of care is a question of law to be determined by the Court. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). All persons have

a duty to use reasonable care to refrain from conduct that will foreseeably cause injury to others. *Bradshaw v. Daniel*, 854 S.W.3d 865, 870 (Tenn. 1993); *Timmons v. Metropolitan Govt. of Nashville and Davidson County,* 307 S.W.3d 735, 742 (Tenn. Ct. App. 2009). Duty of care has been defined by the courts as the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for protection against unreasonable risks of harm. *Patterson-Khoury v. Wilson World Hotel - Cherry Road, Inc.*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003). If a defendant has failed to exercise reasonable care, he has breached his duty to the plaintiff. *Id.*

Tennessee law imposes on all motorists a general duty to operate their vehicles with reasonable care. Tenn. Code Ann. § 56-8-136; *see also Schwandner v. Higdon*, 2011 WL 1630982 at * 6 (Tenn. Ct. App. April 26, 2011) ("It is beyond dispute that a motorist has a duty to use reasonable care in the operation of his or her vehicle in order to protect other drivers.") Both Defendant Murray and Defendant Ogden, therefore, had a duty to Plaintiff to exercise reasonable care in the operation of their vehicles.

Whether Defendant Murray's conduct fell below the standard of reasonable care under the circumstances of this case is a jury question. "Negligence is ordinarily an issue to be decided by a jury and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree." *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993). Here, there are clearly facts in dispute which preclude summary judgment on the issue of whether Defendant Murray's conduct amounted to negligence.

Moreover, Plaintiff's Complaint alleges that both Defendants were negligent. The degree of fault of each party in producing an injury is a circumstance for the finder of fact to consider and

determine. *Timmons*, 307 S.W.3d at 745. Once the Court has determined that the Defendant owes a duty to the Plaintiff, the questions of whether the Defendant has breached his duty and thereby caused the Plaintiff's injury are matters to be determined by the trier of fact. *Patterson-Khoury*, 139 S.W.3d at 285; *Friedenstab v. Short*, 174 S.W.2d 217, 225 (Tenn. Ct. App. 2004) ("[O]nce a duty is established, the scope of the duty or the standard of care is a question of fact to be decided by the trier of fact.") It is well established that cause in fact and proximate case are ordinarily jury questions unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. *Wilson v. Americare Systems, Inc.*, 397 S.W.3d 552, 559 (Tenn. 2013). The issue of allocation of fault is also a determination of fact to be made by the jury. *Id*.

In this case, it is undisputed that Plaintiff Tanner and Defendant Murray significantly disagree as to what caused this collision and who is at fault. Docket No. 39, ¶ 15. Defendant Murray asserts that he was not speeding or following too closely to the vehicle in front of him at the time of this collision. Plaintiff disagrees. Docket No. 37-2, ¶ 6. Defendant Murray claims that he did not hit his brakes immediately prior to being hit, and Plaintiff alleges that he *did* hit the brakes right before the wreck. *Id*., ¶ 7. Plaintiff contends that Defendant Murray heard a horn and tires behind him prior to the impact of Defendant Ogden's vehicle. Defendant disputes this fact. Docket No. 39, ¶ 7. Plaintiff claims that Defendant Murray hit his brakes, which caused Defendant Odgen to collide with Murray's vehicle, but Defendant Murray disputes whether he braked prior to being hit by Ogden's vehicle. *Id*.

Clearly, summary judgment cannot be granted in this case. There are many genuine issues of material fact as to how this collision happened and who was at fault. For these reasons,

Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE